FILED
OCT 0 8 2015
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

SEKOU K. BROOKS

Defendant.

Criminal No. 15-118
(RDM/DAR)

**MEMORANDUM OF FINDINGS OF FACT
AND STATEMENT OF REASONS IN
SUPPORT OF ORDER OF DETENTION**

## I. INTRODUCTION

Defendant is charged by indictment with unlawful possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); unlawful possession with intent to distribute oxycodone, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); unlawful possession with intent to distribute amphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); unlawful possession with intent to distribute lorazepam, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(E)(2); unlawful possession with intent to distribute clonazepam, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(E)(2); and unlawful possession with intent to distribute diazepam, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(E)(2). The undersigned conducted a detention hearing on October 2, 2015. Upon consideration of the proffers and arguments of counsel, and the entire record herein, the undersigned ordered Defendant held without bond pursuant to 18 U.S.C. § 3142(e). The findings of fact and statement of reasons in support of the Order of Detention follow.

## II. THE BAIL REFORM ACT

The Bail Reform Act of 1984, 18 U.S.C. § 3141, *et seq.*, provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e); *see also United States v. Henry*, 935 F. Supp. 24, 25 (D.D.C. 1996) (citation omitted) ("If a defendant poses a danger to society, the Court has a sufficient basis upon which to order pretrial detention.").

In instances in which pretrial detention is sought on the ground that there are no conditions of release that will reasonably assure the defendant's appearance, the government must show by a preponderance of the evidence that the defendant poses a risk of flight if released before trial. *See United States v. Anderson*, 382 F. Supp. 2d 13, 14 (D.D.C. 2005) (citations omitted) ("[T]he [Bail Reform Act] provides for pretrial detention if the government establishes by a preponderance of the evidence that the defendant is likely to flee before trial if released and that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.").

In determining whether there are conditions of release which will reasonably assure the appearance of the person as required, and the safety of any other person and the community, the judicial officer shall take into account the available information concerning: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. 18 U.S.C. § 3142(g).

A rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense under the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*, for which a maximum period of incarceration of ten years or more is prescribed. 18 U.S.C. § 3142(e)(3)(A). An indictment is sufficient to establish probable cause for purposes of 18 U.S.C. § 3142(e). *See United States v. Williams*, 903 F.2d 844, 844 (D.C. Cir. 1990).

## III. **DISCUSSION**

Both counsel for the government and counsel for Defendant proceeded by proffer. Counsel for the government argued that Defendant is a danger to the community and should be held without bond pending trial. In support, counsel for the government proffered that the arresting officer, upon the execution of a search warrant, found $3,050 in cash in Defendant's pocket; and 149 grams of cocaine, 100 oxycodone pills, 82 clonazepam pills, 210 lorazepam pills, 21 amphetamine pills, 11 Adderall pills, 23 diazepam pills, numerous empty Ziploc bags, and a digital scale were found in Defendant's vehicle.

The government further proffered that Defendant continued to sell drugs to George Washington University ("GWU") students while on release pending trial in the Superior Court of the District of Columbia (Case No. 2014-CF-5661). As evidence to support, the government proffered that Defendant received 35 checks and multiple payments to Defendant's Venmo[1] account, all of which totaled $44,749 from a GWU student, and Defendant received a total of $125,000 during the period of August 2014 to June 2015. Additionally, the government proffered that Defendant's net gambling loss at casinos while on pretrial release was $85,000.

---

[1] Venmo is an electronic payment system similar to Paypal.

Case 1:15-cr-00118-RDM   Document 7   Filed 10/09/15   Page 4 of 6

United States v. Brooks      4

Counsel for the government also proffered that Defendant is believed to be the supplier of the prescription medication that caused the overdose death of a GWU student in September 2014. Finally, counsel for the government proffered that Defendant has a prior history of convictions for drug trafficking offenses in Maryland and D.C. in 2009 and 2011, respectively.

Defendant, through counsel, requested that he be released to the High Intensity Supervision Program. In support of his request, Defendant's counsel pointed out that Defendant's case in the Superior Court of the District of Columbia has been dismissed,[2] so the previous charges should be given less weight. Counsel for Defendant proffered that no firearms were involved in the commission of the prior drug dealings, and none of the evidence in the instance case was recovered in his home. Counsel for Defendant argued that these facts prove that he is not a danger to the community, and that Defendant would not engage in any illegal conduct under home detention. Defendant further proffered that Defendant requires medical treatment for his kidney transplant, and argued that Defendant's current medical conditions can be best treated by his existing doctors. Finally, counsel for Defendant argued that the government's concerns regarding danger to the community and the risk of flight will be addressed if Defendant is closely monitored under the High Intensity Supervision Program.

## IV. **FINDINGS OF FACT**

Upon consideration of the factors enumerated in the Bail Reform Act of 1984, 18 U.S.C. § 3142(g), the undersigned finds by clear and convincing evidence that no condition of release or combination of conditions would reasonably assure the safety of the community. The undersigned further finds that the information proffered on behalf of Defendant is sufficient to

---

[2] According to the government's proffer, the case was dismissed without prejudice by the government because its central witness was unavailable to testify at trial.

rebut the applicable presumption of fugitivity, but not the applicable presumption of dangerousness.

First, the nature and circumstances of the offense charged weigh in favor of pretrial detention. A grand jury found probable cause that Defendant committed unlawful possession with intent to distribute cocaine, unlawful possession with intent to distribute oxycodone, unlawful possession with intent to distribute amphetamine, unlawful possession with intent to distribute lorazepam, unlawful possession with intent to distribute clonazepam, and unlawful possession with intent to distribute diazepam.

Second, the undersigned finds that the weight of the evidence against Defendant is compelling. A large quantity of cocaine and prescriptions drugs with a digital scale and Ziploc bags were found in Defendant's vehicle, and a lot of cash was in his pocket at the time of arrest.

Third, Defendant's history and characteristics weigh in favor of pretrial detention. According to the government's proffer, in April 2014, Defendant was arrested for unlawful possession of controlled substances and was charged in D.C. Superior Court. Additionally, Defendant has a prior history of multiple convictions for drug trafficking offenses in 2009 and 2011.

Finally, the undersigned finds that the toll which drug trafficking and abuse of prescription drugs have taken, and continue to take, upon this community is well-documented and need not be repeated here. The evidence of Defendant's possession of quantities of cocaine and prescription pills demonstrates that his release would pose a danger to the community, and that he is not amenable to community supervision at this time.

## V. CONCLUSION

On the basis of the foregoing findings of fact and reasons, Defendant will be held without bond pursuant to the October 2, 2015 Order of Detention.

                                            DEBORAH A. ROBINSON
                                            United States Magistrate Judge

October 9, 2015
DATE

October 2, 2015
NUNC PRO TUNC